THE SOUTHERN STAR COPPER LIGHTNING ROD COMPANY, plaintiff in error, *vs.* CICERO C. CLEGHORN, administrator, defendant in error.

In the distribution of the estate of a deceased attorney at law among creditors, a claim for money collected by him professionally and never paid over to his client, is not entitled to rank as a debt due by the deceased "as trustee having had actual possession, control and management of the trust property."

Administrators and executors. Attorneys at law. Trusts. Before Judge Underwood. Chattooga Superior Court. March Term, 1877.

Plaintiff brought complaint against Cleghorn, as administrator of Dunlap Scott, deceased, for $135.50, principal, with interest, alleged to have been collected by the intestate as an attorney at law for plaintiff. The facts were not disputed, and the sole question made by the pleadings, was whether such claim ranked as a trust debt, in the distribution of the estate, under par. 4, §2533 of Code, thus taking precedence of mortgages and judgments.

The court held to the contrary and plaintiff excepted.

C. A. THORNWELL, for plaintiff in error.

ALEXANDER & WRIGHT, for defendant.

BLECKLEY, Judge.

The question is, whether an attorney at law who has collected money for a client, professionally, and retains it, is a trustee having actual possession, control and management of the trust property? It would be an undue strain upon sections 2338 and 2533, par. 4, of the Code, to hold that he is. The safer and better construction is, that these sections contemplate trustees proper—those in whom title is vested in trust for other persons, and whose duty it is to make returns to the ordinary under section 2324. See acts of 1853-4, pp. 70, 71. An attorney's possession of the money of his client, is more like that of a mere agent or bailee. It would be deviating from the ordinary use of language to call the client's money trust property; and the sole duty of the attorney, in respect to it, is to pay it over. He has no right to control and manage it as a trustee in possession. In this regard, his powers do not extend beyond those of an attorney in fact appointed to collect; and the latter is not a technical trustee. 12 *Ga.*, 9. Prior to the Code, the rank of a claim against a deceased attorney at law, for money collected in his life-time, was on a par with bonds or other obligations. 14 *Ga.*, 379. We think it has not been advanced. If it has, all deposits and bailments (where conversion has followed) have undergone a similar advancement, for, in a general sense, they are all trusts. 8 *Ga.*, 102.

Cited by counsel for plaintiff: Code §§2338, 2533 par. 4, 2308-9, 2317 ;47 N. Y. 547; 1 *Ib.*, 402 ; Story's Eq., §§1195, 1196; 13 Am. R., 281 ; 42 Texas, 1 ; *Smith vs. McClendon*, this term; 47 N. Y., 547; 54 *Ga.*, 464, top of the page; 38

*Ib.*, 99 ; 10 *Ib.*, 543 ; 53 *Ib.*, 425 ; 17 *Ib.*, 456 ; 54 *Ib.*, 234 ; 6 *Ib.*, 524 ; 1 *Kelly*, 271.

Cited by counsel for defendant : Cobb's Dig., 287, 288 ; acts of 1853–4, pp. 70, 71 ; Code of 1863, §2496; Irwin's Code, §2494 ; Code of 1873, §2533; Bouvier's Dic., "Trustee ;" 38 *Ga.*, 89.

Judgment affirmed.