SCHOFIELD *et al. v.* WOOLLEY, administrator.

1. Ordinarily, the right of action against an attorney at law for money collected by him when he had made no written contract for its collection, becomes barred after the lapse of four years from the time the fact that the collection had been made came to the knowledge of his client.

2. The general rule, as above stated, is not varied in a case where the attorney collected the money by effecting a settlement of the suit brought for its recovery, because the client, upon being informed of the settlement, refused to ratify it, or to accept the money, and instituted legal proceedings to set the settlement aside, and the attorney, in consequence of such refusals, continued to hold the money during the pendency of such proceedings, which covered a period of more than four years, it appearing that these proceedings finally resulted adversely to the client, and it not appearing that they were founded on reasonable or even plausible grounds, or that the client was in the first instance warranted in declining to receive the money.

3. Nor in such a case is the client's right to sue the legal representative of the attorney for the money so collected relieved of the bar of the statute of limitations because shortly after making the collection, and more than six years before his death, the attorney, in writing, informed the client that he had

collected the money and would pay it over as soon as he had adjusted and settled certain contingent fees which he claimed were chargeable upon the same; and this is so whether such fees, if properly so chargeable, were ever in point of fact adjusted and settled or not.

4. Under the facts above recited, the attorney was not holding the money as trustee for the client, and his liability for its payment was not founded upon a continuing trust.

June 12, 1896. By two Justices. Argued at the last term.

Complaint. Before Judge Lumpkin. Fulton superior court. March term, 1895.

*Dessau & Hodges* and *C. L. Bartlett*, for plaintiffs.
*Erwin, Cobb & Woolley* and *King & Anderson*, contra.

SIMMONS, Chief Justice.

On April 18, 1893, a suit of which the present suit is a renewal, was brought against the administrator of Rutherford to recover a certain sum alleged to have been received by the intestate on March 7, 1883, from one Franklin, in settlement of a suit of the plaintiffs in which Franklin was defendant and in which the intestate represented the plaintiffs as an attorney at law. The declaration was demurred to on several grounds, the main ground being that it was barred by the statute of limitations. The demurrer was sustained, and the plaintiffs excepted.

It appears from the declaration, that the plaintiffs refused to ratify the settlement in pursuance of which the money sued for had been paid to Rutherford, and that a suit to set aside the settlement was instituted by them on February 11, 1889, which suit resulted, on March 1, 1891, in a verdict in favor of the defendants therein. On the day on which this verdict was rendered, Rutherford died. It further appears, that on March 9, 1883, two days after the money was collected by Rutherford, "he promised in writing that he would pay over to the petitioners said money after he had paid certain contingent fees due and owing to certain local counsel whom he had employed to assist him

on the trial of said cause, the amount of whose fees had not been determined." It is alleged that this money was held in trust by Rutherford to pay himself a contingent fee, to pay contingent fees of assistant counsel, and to pay the balance to the plaintiffs; that this had not been done, and was a subsisting trust. There is no allegation of fraud. It was contended that, under the facts alleged, there was a continuing trust until the death of the intestate, and that the statute of limitations did not begin to run until after demand had been made upon the administrator.

It is true, a subsisting, recognized and acknowledged trust is not within the operation of the statute of limitations; but this rule applies only to those technical trusts which are cognizable alone in a court of equity (Code, §3196; 2 Wood, Limitations, §200; Douglas *v.* Corry, 15 Am. State Rep. 604, and cases cited); and the relation of an attorney to his client where the attorney retains in his hands money collected for the client does not constitute such a trust. In the case of *Southern Star Copper Lightning Rod Company* v. *Cleghorn, admr.,* 59 *Ga.* 782, it was said by Bleckley, J., "An attorney's possession of the money of his client is more like that of a mere agent or bailee. It would be deviating from the ordinary use of language to call the client's money trust property; and the sole duty of the attorney in respect to it is to pay it over. He has no right to control and manage it as a trustee in possession. In this regard his powers do not extend beyond those of an attorney in fact appointed to collect; the latter is not a technical trustee. 12 *Ga.* 9. Prior to the code the rank of a claim against a deceased attorney at law for money collected in his lifetime was on a par with bonds or other obligations. 14 *Ga.* 379. We think it has not been advanced. If it was, all deposits and bailments (where conversion has followed) have undergone a similar advancement, for in a general sense they are all trusts." In Wood on Limitations (2d ed.), §18, p. 54, it is said: "The liability of an

attorney for money of his client which has come into his hands, in the absence of fraud, is simply that of an agent or factor, and creates a simple contract debt only. The rule is, that where an attorney collects money for his client, the statute begins to run from the time of its receipt, and that too without regard to notice or demand by the client." Upon the question whether notice or demand is required the authorities differ, but it is said that "in the absence of proof the law will presume notice and demand made in a reasonable time after the money is collected, and at that time the action will be deemed to have accrued." Weeks, Attorneys, §263.

In the present case it appears that the plaintiffs had notice of the collection within two days after the money was received by the defendant's intestate; but instead of authorizing the payment of fees of counsel from this fund, as proposed or promised by the defendant's intestate, the plaintiffs refused to ratify the settlement, and brought suit to have it set aside. It cannot be said, therefore, that there was any trust to apply the money for the purpose stated. And it is clear that a repudiation of his act in collecting the money will not stop the running of the statute, especially when the result of the proceeding to set aside the settlement was to sustain what had been done by the attorney, and when, so far as appears, there were not even plausible grounds for such a proceeding.

The statute of limitations is a statute of repose, and it would seem that if there is any case to which the statute should apply, it is a case like this, where parties for whom an attorney has collected money wait for six years, with full knowledge of all the facts, before taking any steps to have the action of the attorney declared not binding upon them, and for ten years and until the attorney's lips are sealed in death, before bringing an action to recover the money collected.

All actions upon contracts not in writing, whether ex-

press or implied, being barred after four years from the time the cause of action arose, when not otherwise provided, and all actions upon simple contracts in writing being barred after six years (Code, §§2918, 2923, 2917), and the contract of an attorney to pay over money collected for a client being no exception to the statute, it follows from what has been said that the present action was barred.

*Judgment affirmed.*