[No. 8565.]

McCUTCHEN v. OSBORNE, ADMINISTRATRIX.

1.  EXECUTORS AND ADMINISTRATORS—*Classification of Claims—Trustees.* A demand against a decedent's estate, founded upon the receipt of certain negotiable paper, to be sold by decedent, and the proceeds accounted for, is not of the first class.  The deceased is not regarded as a trustee, within the statute.  (Rev. Stat. sec. 7206.)  (412.)

2.  MAXIMS—*Noscitur a sociis.*  The word "trustee," in sec. 7206 of the revised statutes, is to be construed in connection with the other words of the section, and as importing a technical and special trust, not the bailee of chattels, in a particular instance, charged with the duty to sell and account for the proceeds.  (412.)

*Error to Denver County Court.*   Hon. Ira C. Rothgerber,
   Judge.

*Department.*

Messrs. Zimmerhackel & Avery and Mr. C. M. Mc-
Cutchen, for plaintiff in error.

Mr. Carle Whitehead and Mr. Albert L. Vogl, for
defendant in error.

Opinion by Mr. Justice Teller.

The plaintiff in error seeks to have reversed an order
of the County Court allowing his claim against said estate
as of the fifth class, instead of the first class, on the follow-
ing state of facts:

The deceased obtained from the claimant bonds of the
value of $10,000, for which he represented that he had a
prospective purchaser.  He gave to a claimant a receipt as
follows:

"Received of William McCutchen ten thousand dollars
($10,000,) in bonds of the Crown Hill Cemetary Associa-
tion.  It is understood that these are to be held by me, and
when sold proceeds turned back to you, as heretofore ar-
ranged.       (Signed)        Dallas J. Osborne."

The bonds were used by Osborne as security for a loan
in favor of a corporation of which he was the treasurer and
manager, and he never paid claimant anything for them.

The claimant contends that this is a claim of the first
class under sec. 7206, R. S. 1908, which reads, in part, as
follows:

"All demands against the estate of any testator or
intestate shall be divided into classes in manner following,
to-wit:

First, where any executor, administrator, guardian,
conservator or trustee has received money as such, his

executor, administrator or conservator shall pay out of his estate the amount thus received and not accounted for, which shall compose the first class."

The County Court rejected this contention, and held that the word "trustee" in the statute applied only to those who are technically trustees.

In support of this position several cases are cited from Federal courts, and from the courts of Illinois.

The former are cases involving the construction of the provision of the bankruptcy Act by which debts created "in any fiduciary capacity," are exempted from the discharge in bankruptcy. These cases hold, in effect, that the fiduciary relation must be one of a continuing nature, existing independently of the transaction in which the claim originated. *Upshur v. Briscoe*, 138 U. S. 365, 34 L. Ed. 931, 11 Sup. Ct. 313. In the case cited the court quotes with approval from *Cronan v. Cotting*, 104 Mass. 245, 6 Am. Rep. 245, as follows:

"We are inclined to the opinion that the phrase implies a fiduciary relation existing previously to, or independently of, the particular transaction from which the debt arises."

The court further says:

"Within the meaning of the exception in the bankruptcy act, a debt is not created by a person while acting in a 'fiduciary character,' merely because it is created under circumstances in which trust or confidence is reposed in the debtor, in the popular sense of those terms."

To the same effect is *Bryant v. Kinyon*, 127 Mich. 152, 86 N. W. 531, 53 L. R. A. 80. In *Chapman v. Forsyth*, 2 Howard 202, 11 L. Ed. 236, the court said:

"The second point is whether a factor, who retains the money of his principal, is a fiduciary debtor within the act. If the act embraces such a debt, it will be difficult to limit its application. It must include all debts arising from agencies, and, indeed, all cases where the law implies an obli-

gation from the trust reposed in the debtor.   Such a con-
struction would have left but few debts on which the law
could operate.   In almost all the commercial transactions of
the country, confidence is reposed in the punctuality and
integrity of the debtor, and a violation of these is, in a
commercial sense, a disregard of trust.   But this is not the
relation spoken of in the first section of the act.   The cases
enumerated, 'the defalcation of a public officer,' 'executor,'
'administrator,' 'guardian' or 'trustee' are not cases of im-
plied, but special trusts, and the 'other fiduciary capacity'
mentioned must mean the same class of trusts.   The act
speaks of technical trusts, and not those which the law im-
plies from a contract.   A factor is not, therefore, within
the act."

The Illinois Supreme Court has held in several cases
that a statute making a claim for money received in "trust
for any purpose," a preferred claim, applies to technical
trusts only, and has no application to trusts which the law
implies from a contract.   In *Shipherd v. Furness,* 153 Ill.
590-596, 39 N. E. 1096, the court said:'

"It has been decided by this court that the word 'trust'
appearing in said statute, is to be taken as used, not in its
broader sense, as embracing every case in which a confi-
dence has been reposed, but in its more restrictive sense;
that the statute applies to technical trusts only, and has no
application to trusts which the law implies from a contract."

In that case the claimant sought to have allowed as a
claim for money received in trust the proceeds of certain
negotiable notes which he had placed with one Gamble,
which were to be used for the benefit of claimant, and which
were not so used by Gamble up to the time of his death.

In *Svance v. Jurgens,* 144 Ill. 507, 53 N. E. 955, the
court, speaking of the statute, says that an agent who re-
ceives money for his principal, holds the same in trust, and
must be held strictly to the liability of a trustee as between

himself and the one for whom he acts; but that such a trust is not within the meaning of the statute, and adds:

"Natural justice and equity would seem to require that a provision which awards to some of the creditors of an estate a preference over all others, should not be given any broader interpretation than the words used by the legislature demand. The legislative intent to enlarge the number of claims included in a preferred class should be clear and unambiguous."

In *Southern Star Copper L. R. Co. v. Cleghorn*, 59 Ga. 782, the court in construing a statute giving a preference to claims for money held in trust, held that it did not apply to claims for a collection by an attorney, or for deposits and bailments, which are in a general sense trusts, but to technical trusts,—those in which title vests in the trustee, with power of control and management.

We agree with the Supreme Court of Illinois that a statute giving a preference to one class of claims over all others, should not be construed to extend farther than its language clearly demands.

The reasoning in the cases cited is persuasive that the term "trustee" in the statute is intended to include only such trustees as hold property under a technical or special trust.

The receipt on which claimant relies as evidencing a trust, does no more than show an agreement to pay to the owner of the bonds the proceeds thereof when sold. It contains nothing indicating the creation of a trust in the technical sense, and the claimant acquires from it no better right to have the proceeds of the bonds treated as a trust fund than he would have if the agreement were established by parol evidence.

The construction given to the statute by the County Court was correct, and the judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concur.