No. 9775.

THE CALIFORNIA INSURANCE COMPANY OF SAN FRANCISCO *v.* DUDLEY, Administrator.

Decided February 7, 1921.

Petition for allowance of claim against an estate. Demurrer to petition sustained.

*Reversed.*

1. PROBATE LAW—*Demurrer to Petition for Allowance of Claim.* Where a petition presents a claim against an estate, good on its face of some class, though not of the first as alleged, it is error to sustain a demurrer thereto, and dismiss the petition.

2. PLEADING—*Demurrer.* A demurrer to a petition for the allowance of a claim against an estate admits the facts alleged.

3. PROBATE LAW—*Claims—Classification.* A claim against an estate for funds collected by decedent under an ordinary agency contract, is not of the first class.

*Error to the County Court of El Paso County, Hon. W. P. Kinney, Judge.*

Mr. HARRY C. DAVIS, Mr. STANLEY T. WALLBANK, for plaintiff in error.

Mr. P. M. KISTLER, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error filed a petition in the County Court of El Paso County, alleging that defendant's intestate was indebted to it in a considerable sum for insurance premiums collected by him as agent of the claimant, and praying that the claim be allowed as of the first class. Defendant in error filed a general demurrer to the petition, which was sustained. The petition was thereupon dismissed. It is now urged that the court erred in said action because: (1) the money claimed was held in trust, and hence the claim was by statute (Sec. 7206 R. S. 1908) of the first class; and (2) because, if not of that class, it was at least a valid claim of some class.

Inasmuch as the petition presented a claim, good on its face, of some class, the court erred in sustaining the demurrer and dismissing the claim.

It is urged in argument on behalf of the plaintiff in error, that the insurance law of 1913 makes insurance agents who collect premiums, trustees in the technical sense of the term, hence a right to have the claim allowed as of the first class. We find nothing in the statute to justify this position.

The petition alleges, among other things, that the decedent, at the time of his death, held funds of the petitioner, "as trustee," which may be true, though they were collected as insurance premiums, because of some contract creating a trust. The demurrer admits the fact alleged. It should, therefore, have been overruled and the claimant permitted to prove its case as of whatever class the evidence showed it to be. That it is not of the first class, if the funds are collected under an ordinary agency contract, is settled by *McCutchen v. Osborne,* 61 Colo. 408, 158 Pac. 136, but the trial court was not justified in holding, on the allegations of the petition, that the funds were so held, or that if there was no claim of the first class, there was no claim at all.

The judgment is reversed:

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.