## No. 10,991.

## CHAVEZ *v.* GALLUP.

Decided April 6, 1925.

On claim against an estate. Claim allowed as of the fifth instead of the first class.

### *Reversed.*

1. EXECUTORS AND ADMINISTRATORS—*Claims—Trust Funds.* Where the trustee under a trust deed released the trust deed and wrongfully appropriated the money received for the release to his own use, he held the fund in trust, for which a claim against his estate should be allowed as of the first class under section 5331, C. L. '21.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. MORRISON SHAFROTH, Mr. WILL SHAFROTH, for plaintiff in error.

Messrs. PITKIN & MOORE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CHAVEZ' claim against the estate of John C. Gallup was allowed by the county court as of the first class. On appeal to the district court it was allowed as of the fifth class, so he brings error. His proposition is that the deceased received the money constituting the claim as trustee.

The dominant facts are these: John C. Gallup was trustee in an ordinary deed of trust securing a note for $8,000, dated in 1913, payable January 1, 1917, to John C. Gallup & Company at their office. He sold the note to Chavez and

from time to time collected and remitted the interest to him. It was not paid at maturity but was paid in 1920 to Gallup. Chavez still had possession of the note. Gallup released the trust deed, appropriated the money to his own use, represented to Chavez that it had not been paid, continued, as theretofore, to send the interest to him and died while matters were in this condition.

The statute is as follows: "All demands against the estate of any testator or intestate shall be divided into classes in manner following, to-wit:

"First. Where any executor, administrator, guardian, conservator or trustee has received money as such, his executor, administrator or conservator shall pay out of his estate the amount thus received and not accounted for, which shall compose the first class." Section 5331, C. L. 1921 (Session Laws 1911, § 1 p. 540).

The plaintiff in error claims that the trustee of land converted it into money and that the trust attaches to the money and that therefore he received it as trustee. The principle is elementary, and the only question is whether he did convert the trust estate into money. If he had sold the trust estate there could be no question that the trust would attach to the proceeds even though he conveyed wrongfully and without authority. Is there any difference in principle between that and the present case? We can see none. In each case he parts with his title to the subject of the trust and obtains the money thereby. If he acted within the terms of the trust he, of course, would receive the money as trustee, if not, equity attaches the trust to the money, saying, "you surrendered the trust estate to get this money and you cannot say you did not receive it as trustee."

If Gallup had not been a trustee of the land he would have received the money as an interloper or as a mere agent and not as a technical trustee (*McCutchen v. Osborne*, 61 Colo. 408, 158 Pac. 136), and we may concede, without deciding, that the same would have been the case if he had collected the money without releasing the land,

but he must be said to have received it as trustee when he got it by virtue of his position as trustee and parted with the trust estate to get it. *McCutchen v. Osborne, supra,* citing *Chapman v. Forsyth,* 2 How. 202, 11 L. Ed. 236, holds that a mere fiduciary relation under this statute is not enough, that the trust must be a technical one; but the present one is so, and it existed prior to and independently of the collection of the money, as required by that decision.

*Jarrett v. Johnson,* 216 Ill. 212, 74 N. E. 756, supports our conclusion. It holds that money obtained by a trustee by virtue of his character as such was held by him as trustee, even though the immediate transaction by which he got it was ex maleficio, and even though the property out of which it arose was paid for with his private funds, and that a claim for it against his estate was a preferred claim under the Illinois statute.

Reversed with directions to allow the claim as of the first class.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.