32159. SCOTT *v.* CAIN, executrix.

Decided October 30, 1948.

828

830

*Anderson, Connerat, Dunn & Hunter, James P. Houlihan,* for plaintiff in error.

*Mills & Glass,* contra.

FELTON, J. ■ The demurrer on the ground that the plaintiff could not proceed for the interest in the note except that of Frank Cain was properly overruled. Death ordinarily terminates an agency, but where the agency is coupled with an interest the rule does not apply. We think that it is too plain to require citation of authority that, where the agent has title to the instru-

ment itself, he has such an interest as will prevent termination of the agency. Cases where powers of sale were held coupled with an interest seem to be analogous. *Finn* v. *Dobbs,* 188 *Ga.* 602 (4 S. E. 2d, 655).

In ruling that the plaintiff was required to set forth the names of the persons for whom Frank Cain acted as agent, the court in effect held that the expression following the name of the payee was not descriptio personæ. We think that this ruling was correct. First, as to the meaning of the expression, "descriptio personæ"—it is not necessary to go into a detailed discussion nor cite cases not in point or not closely resembling this one. An expression is said to be descriptio personæ when it is used for the purpose of identifying a person intended, and not to show that he was acting in a capacity otherwise than as an individual on his own behalf. The expression in this case unequivocally shows that the note was made to Cain as an individual and to Cain acting as agent for other parties. The expression itself distinguishes between the capacities in which Cain was acting, and we can see no justification in disregarding any of the expression in order to get a meaning obviously not intended. The plaintiff so treated the meaning of the expression, and for that reason can not contend otherwise. The order requiring allegation of the names of the principals was further correct because they were presumptively within the knowledge of Frank Cain. It was within his knowledge at the time of the loan, and conceivably might not have been within the knowledge of the defendant. At lending time the borrower is probably not primarily interested in who furnishes the money. Getting it is often the primary consideration. However, when a note is made to one as an individual and as agent for one or more unknown to the maker, in an action to recover on the note the defendant is entitled to the information as to who the principals are for whom the payee acted. This is assuming that the agency is revealed in the instrument if the same is under seal, as here. It is only where the sealed instrument does not reveal the agency that the parties are insulated by the seal. *Hollingsworth* v. *Georgia Fruit Growers Inc.,* 185 *Ga.* 873 (196 S. E. 766). The defendant is entitled to this information because he has the right of setoff or counterclaim in some circumstances, and he can not exercise such rights unless he knows who the parties are against whom he might make a setoff or counterclaim.

■ The court properly required the names of the principals to be set out, and under the circumstances of this case erred in ruling that the amendment alleging that the names were unknown to the plaintiff was sufficient to meet the demurrer. It was not alleged why the plaintiff did not know the names or could not ascertain them or that the information was more peculiarly within the knowledge of the defendant than that of the plaintiff. The plaintiff should have been required to reveal the names of the principals for whom the original payee acted.

■ The court erred in striking the amendment to the answer dated June 4, 1948. The defendant's contention that he had the right to have the Good Samaritan claim set off as against the claim of the estate on the note is erroneous, for the reason that under our law the money collected on the note by Cain as agent for a principal is considered a part of the estate of the agent and is subject to the rules of distribution over which the City Court of Savannah had no jurisdiction. See *Southern Star Copper Lightning Rod Co.* v. *Cleghorn*, 59 *Ga.* 783; *Tiedeman* v. *Imperial Fertilizer Co.*, 109 *Ga.* 661 (34 S. E. 999); *Schofield* v. *Woolley*, 98 *Ga.* 550 (25 S. E. 769, 58 Am. St. R. 315). To allow the defendant to set off the claim for money collected by Cain or for the interest in the note belonging to the Good Samaritans for money still uncollected, would result in a circumvention of the rules of distribution of estates. If the Good Samaritans had not transferred its interest in the note, in order for it to recover its interest, the executrix of Cain would have had to sue the maker and recover on the note, and the Good Samaritans would have had to file its claim against the estate, or to reduce it to judgment and then file it with the executrix for payment under the rules of distribution. So, the amount collected by the Good Samaritans would depend on the priority and amount of other claims to be passed upon by a court of ordinary or superior court. If the Good Samaritans had transferred its claim before Cain's death the principal of offset from mutual indebtedness might have applied, but the death of Cain froze the status of claims against the estate, but not in favor of the estate. *Nix* v. *Ellis*, 118 *Ga.* 345-349 (45 S. E. 404, 98 Am. St. 111); *Green* v. *Allen*, 45 *Ga.* 206; *Turk* v. *Ross*, 59 *Ga.* 379. Since the Good Samaritans transferred its claim after the death of Cain, the defendant as trans-

feree could be in no better position than the transferor would have been. Therefore, it follows that, while the defendant could not offset his claim against the executrix in the present action, if he proves relevant allegations of the amended answer he would be entitled to a counter judgment in the present action against the estate for whatever amount the Good Samaritans would be entitled to for moneys collected for it and not accounted for either by Cain or his executrix. Then this claim could be filed with the executrix for payment according to the rules of distribution. The fact that the city court does not have jurisdiction to determine the priorities of claims against the estate does not mean that it does not have jurisdiction to give judgment on a counterclaim. We can see no reason to require the defendant to submit to the judgment against him, pay it, and then institute an action against the executrix for the amount now due. The defendant can not now obtain a *counter judgment* (as distinguished from a setoff) except for the sums collected and unaccounted for as above stated, for the reason that, if the Good Samaritans still had its claim, it could not sue the executrix for money collected from the defendant for it until the executrix actually collected it and refused to account for it. It would seem that the defendant, Scott, would have to pay the debt on the note to the executrix, and file his claim with her for the interest in the note transferred to him by the Good Samaritans.

The court erred in not requiring the plaintiff to allege the names of the persons for whom the payee was acting as agent, and in striking the entire amendment to the answer filed June 4, 1948. As there were no special demurrers, no further ruling is made on the sufficiency of the amendment.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*