35616. DUKE *et al.*, executrices, *v.* WILLIAMS, executrix.

Decided June 8, 1955.

*O. N. Singleton, R. S. Wimberly,* for plaintiffs in error.
*Joseph M. Rogers,* contra.

FELTON, C. J.  The plaintiff in error complains that the court erred in not allowing the proffered amendment and in sustaining the general demurrer to the petition and in dismissing the action.

The defendant in error contends that the petition does not show a cause of action against the defendant in her representative capacity, and further does not show that the obligation sued on was an obligation of the T. N. Williams estate. While the petition is not in the best form possible, we think a proper construction thereof shows a suit against Mrs. T. N. Williams as executrix of the estate of T. N. Williams. "The question as to who are parties to an action is generally to be determined by inspection of the whole record, including the petition, prayer for process, process, return of the sheriff," etc. *Hamilton* v. *Speck,* 166 *Ga.* 667, 668 (1) (144 S. E. 204), and citations. Properly construed together, the petition, the exhibits annexed thereto, etc., show that the action was against Mrs. T. N. Williams in her representative capacity. "Whatever technicalities may entangle us when we deal with pleadings framed under the common law, there is always only a single question where pleadings framed under the statute are concerned, and that is, can they be easily understood? That test is sufficient even for an indictment: Code, section 4628. Let the declaration and the copy note, in this case, be read together in a spirit of candor, and there is not one man in a thousand who would be likely to misunderstand them. To miss the meaning, the reader would have to be a man of much learning, and one whom much learning hath made mad.

To this court it is perfectly obvious that the defendant was sued as administrator." *Jennings* v. *Wright & Co.*, 54 *Ga.* 537, 539. We think, too, that a reasonable construction of the petition and the exhibits attached thereto demand the conclusion that the obligation sued on was an estate obligation or one of Mrs. T. N. Williams in her representative capacity. The amendment was really an elaboration of facts already set out in the petition and exhibits, and should have been allowed. The note was signed, "Est. of T. N. Williams by Mrs. T. N. Williams." Contrary to the defendant in error's contention, the principle of *descriptio personae* is not involved in the signature. See *Scott* v. *Cain*, 77 *Ga. App.* 826, 831 (2) (50 S. E. 2d 99). The signature shows that Mrs. T. N. Williams purported to act in some capacity for the estate of T. N. Williams. It certainly indicates that Mrs. T. N. Williams intended to act in a capacity other than her individual capacity. The note being one not under seal, we think that the signature can be explained as being one in her representative capacity. This is true not only from contracts-and-agency principles, but also from a negotiable-instruments principle. Code § 14-220 provides: "Where the instrument contains or a person adds to his signature words *indicating* that he signs for or on behalf of a principle, *or in a representative capacity,* he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." (Emphasis supplied.) Code § 14-415 provides: "Where any person is under obligation to indorse in a representative capacity, he may indorse in such terms as to negative personal liability." Both of these sections are part of the Uniform Negotiable Instruments Law. We think the gist of them as applied to the facts of this case is that a person signing in a representative capacity need not follow any set formal mode of signing, but may use words such as to indicate that he is signing in a representative capacity and to negative personal liability. In construing section 20 of the N. I. L., which is Code § 14-220, the Supreme Court of Massachusetts in Jump *v.* Sparling, 218 Mass. 324 (105 N. E. 878), said: "These words plainly imply that if the person signing a promissory note adds to his signature words describing himself

an agent or as occupying some representative position which at the same time discloses the name of the principal, he shall be exempted from personal liability, while if he omits the name of the principal, although adding words of agency, he will be held liable personally and the words of agency will be treated simply as descriptio personae." In State National Bank of Bonham v. Hester, 1 S. W. 2d 915, it was held: "Section 20 . . . would be controlling of the form of signing as to an administrator only in case 'he is duly authorized' to make the instrument. The section does not give nor intend to give the effect of exemption from personal liability of an administrator who as such executes a note without authority to do so. The authority of the administrator, as a 'representative' of the estate, to make the note signed, is left open, as indicated by the section, for inquiry, according to the circumstances of each case."

"It should also be noted that sec. 20 adds the words 'or in a representative capacity' which cover all such cases in addition to the agency relationship. Thus it seems clear that if such a trustee indicates the name of the principal he should be held to have exempted himself from personal liability as required by sec. 44 [ Code § 14-415]. . . Such was the intent of the framers of the act." Beutel's Brannan Negotiable Instruments Law (7th Ed.) 429, § 20. See also p. 413, § 20 of the same work.

The petition with the amendment showed that Mrs. T. N. Williams was authorized under item 4 of the will to execute the note, and that she did execute the note in her representative capacity for the benefit of the estate.

The court erred in disallowing the amendment and in sustaining the general demurrer to the petition and in dismissing the action.

*Judgments reversed. Quillian and Nichols, JJ., concur.*