Wiley *vs.* Truett.

No. 92.—WILLIAM WILEY, plaintiff in error, *vs.* SAMUEL TRUETT, executor, &c. defendant in error.

[1.] If one man takes the goods of the deceased and sells, or gives them to another person, this shall charge *him* as an executor *de son tort*, but not such *other person*.

[2] So, if one has some color to intermeddle with the goods of an intestate, but *exceeds his authority*, that will make him an executor in his own wrong.

[3.] Where the heirs of a deceased intestate were all of age, and one of them was appointed actor for the others, to receive and distribute the assets of such intestate; and afterwards a suit was instituted by one of the heirs against the defendant, charging him as executor *de son tort*: *Held*, that it was competent for such defendant to show, in his defence, that the plaintiff by a receipt under his hand and seal, had acknowledged that he had received from such actor so appointed by the heirs, his full share of all the estate of the deceased, both real and personal, and that if the amount sued for was not included therein, it was incumbent on the plaintiff to show that fact; his receipt being at least *prima facie* evidence against him.

Assumpsit, in Harris Superior Court. Tried before Judge IVERSON. September Term, 1852.

William Wiley commenced suit against Samuel Truett, as executor *de son tort*, of Catherine Harrington, for the distributive share of the plaintiff, of $287, in the hands of defendant. The facts were, that Mrs. Catherine Harrington died in 1848, intestate. At the time of her death, the defendant, a neighbor, and others, being present, in examining the intestate's effects," found a roll of money in a trunk, amounting to $287. By agreement of those present, it was taken home by defendant, to be kept for the benefit of the heirs and distributees. Defendant a few weeks afterwards, paid over to some of the heirs, this identical money—the plaintiff, who was one of the heirs, being absent in Mississippi. The following receipt was also in evidence:

" GEORGIA, HARRIS COUNTY.

Received, June 27th 1848, of Cyrus Harrington, actor for us, late of said County, seven hundred and thirteen dollars and

ninety-one cents, each of us, in full and complete satisfaction
of all my right, title, or interest, in and upon the estate, real and
personal, of my mother's estate, Catherine Harrington, deceas-
ed.   In testimony whereof, &c."

This receipt was under the hands and seals of William Wiley,
and the other heirs.

The Court charged the Jury, that the proof did not establish
such an intermeddling on the part of Truett, with the estate of
Catherine Harrington, as to make him an executor *de son tort ;*
that even if chargeable as .executor, the receipt was *prima fa-
cie* evidence that the plaintiff had received his part of the money
so received by the defendant, and that therefore the plaintiff
could not recover, unless he could rebut this presumption.

To all and each part of this charge plaintiff excepted.

Downing, for plaintiff in error.

Ramsey, for defendant in error.

*By the Court.*—Warner, J..delivering the opinion.

The defendant received the money by the consent of such of
the heirs as were present, to keep for the benefit of *all the heirs,*
some of whom were absent—amongst whom was the plaintiff.

[1.] Some short time after receiving the money, the defendant
paid it over to some of the heirs, who were present when he re-
ceived it ; but it does not appear that he paid it over by the con-
sent of *all the heirs,* one of whom was the plaintiff, who was ab-
sent.   Did the payment of the money over, under the circum-
stances, to *some of the heirs,* by the defendant, when he had re-
ceived it under the agreement to retain it for the benefit of *all,*
constitute him an executor *de son tort?*   We think that it did,
according to *the law.*   If one man takes the goods of the deceas-
ed, and sells, or gives them to me, this shall charge him as exe-
cutor of his own wrong, but not me.   1 *Williams' Ex'rs,* .140.
So, if a man has some color to intermeddle with the goods of an

intestate, but *exceeds his authority*, that makes him executor *de son tort*.   1 *Comyn's Dig. top page*, 501, *title Administrator, letter C. 1.*

[2.] Here the defendant had some color of right to take the money, by the consent of the heirs who were present, for the purpose of holding it for the benefit of *all*: but when he paid it over to some of the heirs, without the consent of those who were absent, he did that which he was not authorized to do, by the terms of the agreement under which he took it.

[3.] It appears that Cyrus Harrington, one of the heirs, (they all being of age) acted in behalf of the others to collect the assets of the deceased, and pay the same over to them.   On the 27th June, 1848, it appears that the plaintiff with the other heirs, executed a receipt to Cyrus Harrington, as actor for them, by which each one acknowledged to have received from him the sum of seven hundred and thirteen dollars, and ninety-one cents, in full and complete satisfaction of all his right, title, or interest in, and upon the estate, real and personal, of Catherine Harrington, deceased.   Although it does not distinctly appear on the face of the record, that the defendant paid over the two hundred and eighty-seven dollars to Cyrus Harrington, the actor for the heirs; yet, we think that the inference is pretty strong, that he did so.   The Court charged the Jury, "that even if the defendant, under the proof as to his intermeddling, was chargeable as executor *de son tort*, the receipt was *prima facie* evidence that the plaintiff had received his part of the money now sued for: and before he could be entitled to recover in this suit, it was incumbent on him to show that the two hundred and eighty-seven dollars was not included in the amount divided, and receipted for, as shown by the receipt, and not incumbent on the defendant to show that it was so included."   Upon the state of facts presented by the record, we think this charge of the Court was right.   The receipt given to the actor, as he is described therein, by the plaintiff, is "in full and complete satisfaction of all his right, title or interest, in and upon the estate, real and personal, of Catherine Harrington, deceased."   He is now seeking to recover from the defendant a portion of *that estate* in the

face of his written acknowledgment, that he had received *it all* from the hands of Cyrus Harrington, the actor for the heirs of that estate. If he has received *it all,* as the receipt shows he has, the two hundred and eighty-seven dollars, being a *part of that estate,* is included therein, at least, *prima facie,* as the Court ruled; but if by mistake, or otherwise, the two hundred and eighty-seven dollars was not included in the amount divided and receipted for, it was clearly incumbent on the plaintiff to have shown it, by competent evidence, at the trial.

Let the judgment of the Court below be affirmed.