BRYANT, executor *de son tort, vs.* HELTON *et al.*

1. Where a husband sued as next friend of his minor wife, and pending suit she became of age, the declaration could be amended so as to strike out the representative character of the husband, and leave the suit to proceed in the names of the husband and wife.

2. Debts paid by an executor *de son tort*, if paid voluntarily, cannot be set off by him against an action by a distributee of the estate for his share of the property.

3. Where, at the request of the widow of an intestate, her father sold some of the property of the decedent and turned the proceeds over to her, he thereby became an executor *de son tort*, neither he nor the widow having administered on the estate.

(*a*) In a suit against such an executor *de son tort* by a distributee, he could set off the year's support of the family, the widow having actually received the proceeds of the sale. No proper allowance having been made for this by the verdict, a new trial is granted.

Administrators and executors. Amendments. Husband and wife. Set-off. New trial. Before Judge LONGLEY. Carroll Superior Court. October Term, 1880.

To the report contained in the decision, it is only necessary to add, that the following were among the grounds of the motion for a new trial:

(1). Because the verdict was contrary to law and the evidence.

(2). Because the court allowed the declaration to be amended by striking the words, '" who sues as next friend of Mary Helton, a minor under twenty-one years of age," and allowing the action to proceed in the names of the husband and wife without the giving of a bond by the husband.

(3). Because the court charged to the effect that debts voluntarily paid by an executor *de son tort* could not be set off against an action by a distributee for his share of the estate.

P. F. SMITH, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

This action was brought by the husband of the grand-daughter against the grandfather, to recover the share of his wife in the estate of the father, on the ground that the grandfather sold $750.00 worth of cotton belonging to the deceased, and thereby became liable as executor *de son tort*.

The suit was brought by the husband as *prochein amy* of the wife, for one-sixth of the value of the cotton sold, there being six children of the deceased, who was killed 'in 1864 during the war. On the trial, a motion was made to dismiss the case because no bond as next friend had been filed, but the wife having reached her majority, the court allowed an amendment to strike out the words, " who sues as next friend, etc.," leaving the action to proceed in the names of husband and wife. The action was defended, on the ground that the facts did not make the defendant an executor in his own wrong, that the proceeds of the cotton was consumed in a year's support of the family and the payment of other debts, and that the widow, and not her father, administered the whole estate without letters and was the wrong-doer, if any wrong had been done. The jury found for plaintiffs $75.50, with interest from the 1st of January, 1866, and defendant excepted to the refusal of the court to grant him a new trial.

1. We think that the representative character in which plaintiff sued could be stricken, and the case proceed in the name of husband and wife. Code, §3487. Therefore there is no error in overruling the motion for a new trial on that ground.

2. However the law may have been before the Code, debts paid by an executor *de son tort* cannot now be set off by him against a distributee of the estate, if paid vol-

untarily, and the motion on this assignment of error was properly overruled. 2 Blackstone's Com. 508; Code, §2441, 25 *Ga.*, 537 ; 38 *Ib.*, 264:

3. Was the verdict against law and without evidence enough to support it ?

We think that there is testimony enough to charge defendant as executor *de son tort*. By request of his daughter, he sold the cotton and turned over the proceeds to her, and that act made him executor in his own wrong. 12 *Ga.*, 588 ; 2d Blackstone's Com., 507.

But the Code and the ruling in 38 *Ga.*, 264, allow him to set off the year's support, if the widow got the proceeds of the cotton. This widow had six children, from some ten years old down, one born after the death of her husband, but two hogs and a little corn, and forty dollars in money ; for what a child ten years of age said about greenbacks in Georgia in 1864 amounts to nothing. Her father sold the cotton, at her request, and gave her all the proceeds, which she used for the family, except $150.00 paid to creditors of her husband by her and her father at her request. Corn was $2.00 per bushel, and meat twenty-six cents per pound. The estimate put by the Code on the year's support, if the estate be but $500.00, no matter what are the debts, is $500.00, (Code, §2571),—and this without regard to the number of children. Considering the number of children in this family, the condition of this widow, *enciente* when her husband died, and with no property left her, and the entire proceeds of this cotton with the $40.00 and the two hogs and the little corn would not be a high estimate for her year's support. The only witnesses who swore to what would be a reasonable allowance put it at $700.00. That would leave $50.00 only of the cotton, $40.00 in cash, and say $50.00 more for the hogs and corn, and we have $140 00. Yet the jury found $75.00 for the one-sixth, after deducting one-fifth for the widow. There is no sufficient evidence to sustain such a verdict. It is a hard case on the grandfather; he acted

*bona fide*; his conduct approximated the case of humanity alluded to in Blackstone *supra*; not a dime went into his own pocket; and it is unjust to make him pay, if anything, one cent beyond what the proof clearly establishes, and the inexorable law thereby fixes upon him. A new trial is granted.

Judgment reversed.