MAYER & ULLMAN vs. COLEY.

1. Where the facts are ripe for suit as to a part of the cause of action but not as to the whole, an injunction may be granted to prevent multiplicity of suits, though the defendants in the bill are solvent.

2. Such a case is presented where a course of dealing has been had by the defendants in the bill with a husband who promised to pay the wife's money for goods purchased by him, but has paid only a part, and mortgaged or pledged her assets for the balance.
3. Though there be other necessary parties to the bill, they may be made by amendment after injunction granted.

March 3, 1888.

Injunction. Husband and wife. Debtor and creditor. Parties. Amendment. Before Judge Bower. Dougherty county. At chambers, November 9, 1887.

Reported in the decision.

D. H. Pope, for plaintiffs in error.

Walters & Arnheim, *contra.*

Bleckley, Chief Justice.

1-2. The court, on the application of Mrs. Coley, granted an injunction against Mayer & Ullman as to the enforcement of a certain mortgage deed which they held from her husband, and appointed them as receivers in their own case as to a certain other mortgage deed which he had assigned to them as collateral security. The hearing was had upon her bill alone. They answered, but did not ask that the answer be considered. Coley, the husband, being in trade, applied to them to purchase goods, and promised to pay for them out of her money when it should come into her hands. They sold goods on this agreement, and continued to sell for some time, and he paid to them the larger part of the money which he received from her guardian. Some of this money, however, he used in purchasing a house and lot, which he bought in his own name, giving his notes therefor as to all the price not paid with her money, and taking a bond for titles to himself; and this lot he mortgaged to them. He also lent some of her money to another person, and took a mortgage upon cer-

tain lots to secure the payment of that money.   This mortgage and the note which it secured, he assigned to them as collateral security.   The case made by the bill, as all these things were done with notice to Mayer & Ullman, is one in which Mrs. Ooley might sue them and recover so much of her money as they have already received; and were this the sole case, there would be an ample remedy at common law, there being no allegation of their insolvency, and this bill could not be maintained.   But the bare legal remedy would not adjust all the matters in controversy between the parties; it would leave outstanding and unsettled both of the mortgages.   It is, therefore, a case where the facts are ripe for suit as to a part of the cause of action, but not as to the whole; and to prevent multiplicity of suits, the injunction could be properly granted.

3. The only parties defendant to the bill are Mayer & Ullman.   No doubt Mr. Ooley is a necessary party; and both the maker of the bond for titles and the mortgagor, whose loan was secured by mortgage, are proper, if not necessary, parties to the bill; but all these can be added by amendment, and doubtless will be before the hearing of the case for final decree.

Judgment affirmed.