### O'NEAL *v.* O'NEAL *et al.*

ATKINSON, J.  1. The statute declares: "If any person, without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs or legatees of such estate for double the value of the property so possessed or converted by him; nor shall such executor be allowed to set off any debt due to him by the deceased, or voluntarily paid by him out of the assets. If such executor dies, his legal representatives shall be liable in the same manner, and to the same extent, as if he were still living." Civil Code, § 3886.

(*a*) This law refers to personalty, and has no application to a gift of realty. *Johnson* v. *Johnson,* 80 *Ga.* 260 (5 S. E. 629).

(*b*) Relatively to the insurance policy in question, a cause of action is not set forth, there being no allegation as to identity of the beneficiary.

(*c*) Where a person dies intestate in this State, leaving an heir at law, and a third person without authority takes charge of the personal property left by the decedent and gives it to his wife, such third person, relatively to the personalty, becomes executor de son tort. *Wiley* v. *Truett,* 12 *Ga.* 588; *Bryant* v. *Helton,* 66 *Ga.* 477.

2. "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." 26 R. C. L. 1232, § 78.

3. The Civil Code, § 4366, declares: "All actions against executors, administrators, guardians, or trustees, except on their bonds, must be brought within ten years after the right of action accrues." *Held*, that this law applies to constructive trusts. *Wylly* v. *Collins*, 9 *Ga.* 223.

4. If a petition alleges a cause of action for any relief, it should not be dismissed on general demurrer, although as to some of the relief which it seeks a cause of action is not alleged. *Arteaga* v. *Arteaga*, 169 *Ga.* 595 (4) (151 S. E. 5).

5. It was erroneous to dismiss the action on general demurrer.

*Judgment reversed. All the Justices concur.*

No. 9106.   February 17, 1933.

420

*W. H. Terrell,* for plaintiff.
*Anderson, Rountree, Crenshaw & Hansell,* for defendants.