REYNOLDS *et al. v.* DORSEY, executor.

No. 12810.  JUNE 14, 1939.

*Robert B. Blackburn* and *Dorsey Davis,* for plaintiffs.

*Thomas M. Stubbs* and *Hugh M. Dorsey Jr.,* for defendant.

JENKINS, Justice. ■ By the weight of authority, where a person deposits money in a savings bank to the credit of himself as representative, trustee, or agent of a designated person or estate, this at least prima facie creates a tentative trust for the named beneficiary; and where the depositor dies and leaves such an account open and unexplained, without having made any declaration or decisive act of disaffirmance, "the presumption arises that an absolute trust was created as to the balance on hand at his death." 3 R. C. L. 715-717; 26 R. C. L. 1201, § 39; 65 C. J. 293, 294. This rule would be applicable where, as alleged in this case, an executor deposited money in the savings department of a bank to the credit of himself as "administrator" of his designated fiduciary estate, never exercised any act of individual ownership or control over the fund, but allowed it to remain and accumulate interest for more than ten years, and died without attempting to dispose of the funds. On an equitable petition with such averments against the executor of the deceased depositor's will, presumptively a trust existed in favor of the persons entitled to the estate represented by the deceased depositor, which the residuary legatees of the fiduciary estate could assert against the executor of the deceased depositor's will, after the defendant had taken charge of the deposit.

■ "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." Code, § 3-709. "Subsisting trusts, cognizable only in a court of equity, are not within the ordinary statutes of limitation; but in all cases equity will consider the lapse of time in decreeing an account, and where,

from it and other circumstances, it would be inequitable, any relief will be refused." Code, § 3-713. Without regard to what particular trusts this statute of limitations and this exception may be intended to cover (*Farrar* v. *Southwestern R. Co.*, 116 *Ga.* 337, 345, 42 S. E. 527; *Denny* v. *Gardner*, 152 *Ga.* 602, 608, 110 S. E. 891; *O'Neal* v. *O'Neal*, 176 *Ga.* 418 (3), 168 S. E. 262; *Wylly* v. *Collins*, 9 *Ga.* 223 (15), 242; *Thomas* v. *Brinsfield*, 7 *Ga.* 154, 157, 158; *McDonald* v. *Sims*, 3 *Ga.* 383 (2), 396; *Southern Star Lightning-Rod Co.* v. *Cleghorn*, 59 *Ga.* 782, 783; *Schofield* v. *Woolley*, 98 *Ga.* 548, 550, 35 S. E. 769, 58 Am. St. R. 315; *Tiedeman* v. *Imperial Fertilizer Co.*, 109 *Ga.* 661, 664, 34 S. E. 999; *Caldwell* v. *Hill*, 179 *Ga.* 417, 420, 425, 176 S. E. 381, 98 A. L. R. 1124), it is well settled in this State that not only in express or implied trusts (*Keaton* v. *Greenwood*, 8 *Ga.* 97 (2, 3), 102; *Scott* v. *Haddock*, 11 *Ga.* 258 (2); *Simms* v. *Smith*, 11 *Ga.* 195 (3), 200; *Citizens & Southern Bank* v. *Ellis*, 171 *Ga.* 717 (3, c), 732, 156 S. E. 603; *Wallace* v. *Mize*, 153 *Ga.* 374 (3), 383, 112 S. E. 724), but in other fiduciary relations, the statute will not begin to run so long as the trust or duty with regard to specific property continues, is acknowledged to be subsisting, and there is no change of status to show an adverse holding of such property; that as long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession; that before any lapse of time will be a bar to the owner it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice to the owner that the person in possession claims adversely to him; that in such a case the statute will begin to run from the date of such notice; and that until the owner has such notice he has the right to treat the possession of the other person as his own. *Teasley* v. *Bradley*, 110 *Ga.* 497, 501 (35 S. E. 782, 78 Am. St. R. 113); *Parlin* v. *McClure*, 169 *Ga.* 576, 578 (150 S. E. 835). Accordingly, where such a continuing fiduciary dies, and the administrator of his estate attempts to administer the trust or fiduciary property, the ten-year period of limitation does not commence to run until "the expiration of one year from the date of administration." *Garner* v. *Lankford*, 147 *Ga.* 235 (2), 238 (93 S. E. 411).

222

■ Under the preceding rulings, where, as alleged in the petition, and indicated in paragraph 1 supra, an executor made a deposit prima facie belonging to the estate which he represented, never asserted any adverse claim or exercised any adverse control with reference thereto, and the beneficiaries of the estate had no notice or knowledge as to the existence of the fund until the fiduciary depositor died and the executor of his will took charge of the deposit and notified the beneficiaries as to its existence, the petition, promptly brought after such notice, showed a good cause of action for an accounting and recovery as to the deposit. Neither the statute of limitations (Code, § 3-709) nor laches would bar a recovery under such averments.

■ The petition failed to show any right to relief and was subject to demurrer as to other allegations and prayers seeking a general accounting and a special accounting as to an alleged unadministered lot of land, neither the title nor the possession of which appears to have ever come into the defendant, and all of which matters were long since barred by the statute. *Thornton* v. *Jackson,* 129 *Ga.* 700, 703 (59 S. E. 905); *Akins* v. *Hill,* 7 *Ga.* 573 (2), 577; *Lane* v. *Lane,* 87 *Ga.* 268 (13 S. E. 335). However, under the preceding holdings, and the rule that a general demurrer should be overruled if the facts alleged entitle the plaintiff to any of the substantial relief prayed (*Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4), 151 S. E. 5), it was error to dismiss the petition on general demurrer, where a cause of action was stated as to the bank deposit. *Judgment reversed. All the Justices concur.*