HARDWARE MUTUAL CASUALTY COMPANY *v.* DOOLEY *et al.*

ATKINSON, Presiding Justice. 1. "Trusts of every kind, not generally cognizable at law, are peculiarly subjects of equity jurisdiction." Code, § 108-117. Under this law the trustee is amenable to the court of equity for faithful administration of trust. *Johns* v. *Johns*, 23 *Ga.* 31; *Dill* v. *McGehee*, 34 *Ga.* 438.

2. "Any person having a claim against any trust estate for services rendered to said estate, or for articles or property or money furnished for the use of said estate, or any claim for the payment of which a court of equity would render said estate liable, may collect and enforce the payment of such claim in a court of law." Code, § 108-501.

3. The plaintiff's demand in the instant case relates not to faithful administration of a trust; but on the allegations and prayers of the petition it is a demand at law for a money judgment.

4. "Fraud renders contracts voidable at the election of the injured party." Code, § 20-502. In an action at law founded on breach of contract, the

defendant may attack the contract in a court of law on the ground that it was procured by fraud. *Barrie* v. *Miller*, 104 *Ga.* 312, 315 (30 S. E. 840, 69 Am. St. R. 171).

5. Under application of the principles stated above, the bill of exceptions in the instant case was properly returnable to the Court of Appeals, which has jurisdiction of the case. The Supreme Court has not jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 14043. MAY 21, 1942.

*W. Neal Baird* and *Neely, Marshall & Greene,* for plaintiff in error.

*J. Wightman Bowden* and *John R. Strother,* contra.