208

MURRAY COUNTY *v.* PICKERING.

No. 14522.    MAY 7, 1943.    REHEARING DENIED JUNE 12, 1943.

214

*Jesse M. Sellers* and *Wright, Willingham & Fullbright,* for plain-

tiff. *R. Carter Pittman, D. W. Mitchell, C. N. King,* and *W. B. Robinson,* for defendant.

ATKINSON, Justice. ▮ The first question to be determined is whether the petition and prayers are based on the verbal contract which would make the defendant an agent of the county, or on the written contract making the defendant an independent contractor. The defendant contends that the suit is based on the written contract, by reason of a reference thereto in paragraph 29 of the petition, set forth above. References to the written contract made in other parts of the petition were: "The . . accounting . . and the contract . . were entered into as a part of a collusive plan and scheme . . for the purpose of vesting in the defendant . . the moneys of Murray County . . without a proper accounting and under what is known to be a false and void contract in direct contravention of the terms of the original verbal agreement." Also, "the defendant set up the said false contract and accounting." By such references to the written contract, the petition could not be construed as being based thereon; but on the contrary, construing the petition as a whole and most strongly against the pleader, it negatives any such construction or interpretation. Throughout the amended petition covering more than fifty pages, all reference to any liability is based on the verbal contract, and it is clear that the petition is proceeding thereon. The fact that the petition alleged reasons why the "so called" written contract was not valid could not be properly construed as a proceeding based thereon, nor could the reference to this contract be determined as an anticipated defense. But if so construed, it would effectually avoid such defense, as the petition alleges that the verbal contract was reduced to a written memorandum approximately two years after the written contract is dated, thus superseding it; and the petition also alleged sufficient facts to show that the written contract was a mere collusive scheme to relieve the defendant from liability, and was void. The reference to this contract was in aid of the petition as alleging that the defendant was claiming the funds in question adversely to petitioner, and as establishing a date from which the statute of limitations could be computed.

▮ "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of

216

equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence." Code, § 108-107. "The relation of principal and agent is a fiduciary one, and the latter can not make advantage and profit for himself out of the relationship, or out of knowledge thus obtained, to the injury of his principal; and the agency being established, the agent will be held to be a trustee as to any profits, advantages, rights, or privileges under any contract made and obtained within the scope and by reason of such agency; and where the agent invests such profits in property or places the same to his credit in a bank, he will be held to hold the same as trustee for the principal, and the latter can maintain in a court of equity an action to trace such profits into such investments, and to enjoin the agent or his donee from selling, disposing of, or encumbering any such profits or any property in which the same have been invested." *Stover* v. *Atlantic Ice & Coal Cor.*, 154 *Ga.* 228 (113 S. E. 802), and cit. "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *O'Neal* v. *O'Neal*, 176 *Ga.* 418 (168 S. E. 262); 26 R. C. L. 1232, § 78. A constructive trust is "not created by any words either expressly or impliedly evincing a direct intention to create a trust, but by the construction of equity in order to satisfy the demands of justice." 65 C. J. 223, § 14. See *Grant* v. *Hart*, 192 *Ga.* 153 (14 S. E. 2d, 860). Under the allegations in the instant petition, that the defendant entered the services of Murray County as an agent, to receive for his services reasonable compensation therefor, that during the relation as such agent he received approximately $400,000 of county funds, of which sum he applied $170,000 for the use and benefit of the county, and upon demand refused to account for the remaining $230,000, but claimed it as his own, such allegations taken in connection with other facts and circumstances stated in the petition created a constructive trust.

■ As to the statute of limitations applicable to this petition: the allegations assert that the verbal contract, under which the funds were turned over to defendant as agent of the county, was entered into on or about May 26, 1931; that the defendant so held

the funds, as evidenced by his answer to the suit of *McGinty* v. *Pickering,* filed after March 12, 1934; and that the first assertion or claim of defendant that he was not holding the property as agent of the county, and that he was holding it as his own, was when the purported written contract was placed upon the minutes of the county commissioners on or about March 4, 1935. The Code, § 3-709, declares: "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." In *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (168 S. E. 262), this court held "that this law applies to constructive trusts." In *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717, 731 (156 S. E. 603), it was held: "As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner, it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice to the owner that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice. Until the owner has such notice, he has the right to treat the possession of the other person as his own." See *Grant* v. *Hart,* supra; *Reynolds* v. *Dorsey,* 188 *Ga.* 218, 221 (3 S. E. 2d, 564).

Accordingly the court erred in sustaining a general demurrer to the petition.      *Judgment reversed.   All the Justices concur.*