HARRIS *et al. v.* ROWE *et al.* (two cases.)

266

Nos. 15292, 15299.  January 16, 1946.

J. F. Hatchett and G. C. Thompson, for plaintiffs in error.
N. F. Culpepper and W. S. Allen, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Code, § 37-1007. "There is no misjoinder of parties or of causes of action, even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case." *Goodroe* v. *C. L. C. Thomas Warehouse,* 185 *Ga.* 399 (2) (195 S. E. 199). Applying the above principles, the trial court did not err in overruling the demurrers to the petition as amended, filed by all the defendants, on the grounds of misjoinder (a) of parties defendant, and (b) of causes of action; or as being multifarious, since the petition, although filed by several plaintiffs against several defendants, related to matters of the same nature, forming a connected series of acts in all of which the defendants were more or less concerned. *Briarcliff Inc.* v. *Kelley,* 198 *Ga.* 390 (1) (31 S. E. 2d, 586). Furthermore, there is no misjoinder of parties defendant, for the reason that one of the defendants is the grantor and the other two defendants are grantees in one of the deeds sought to be set aside. "Where an equitable petition is brought to set aside a conveyance on the ground of fraud, or for other reason, the grantee in the conveyance is a necessary party." *Hermann* v. *Mobley,* 172 *Ga.* 380 (6) (158 S. E. 38).

The petition in this case is not subject to demurrer on the ground of duplicity. "Duplicity in pleading on the part of a plaintiff consists, not in asserting a right to and praying for relief inappropriate. to the cause of action set forth in his petition, but

in making therein equivocal statements with a view to getting the benefit of two or more inconsistent theories as to his right to recover, or in basing his complaint upon different versions with respect to the facts which gave rise thereto." *Orr* v. *Cooledge,* 117 *Ga.* 195 (3) (43 S. E. 527); *Smith* v. *McWhorter,* 173 *Ga.* 255 (3) (160 S. E. 250); *Phillips* v. *Hightower,* 190 *Ga.* 785 (1) (10 S. E. 2d, 854); *Allen* v. *Allen,* 196 *Ga.* 736 (4), 745 (27 S. E. 2d, 679). The petition in the present case was based upon a consistent statement of a single set of facts. The point in issue is the ownership of the Harris home place. The subject-matter of the suit never goes beyond ownership of the land. The accounting asked for by the petitioners is for profits made on the land by the defendant, Mrs. R. A. Harris, who under the allegations in the petition sold 100 acres of the Harris home place to the defendants, H. G. Harris and J. T. Harris.

The allegations of the petition as amended to the effect, that (a) Mrs. R. A. Harris, having wrongfully taken charge of the Harris home place, operated the peach orchard during the year 1944, and received a net profit of approximately $30,000; (b) she has never accounted to the petitioners for their pro-rata share of the profits, and is indebted to them in a sum equal to five-ninths of all net profits received by her from crops grown on the lands during the year 1944; and (c) the petitioners pray that she be required to make an accounting for profits from the peach orchard for the year 1944, were not subject to demurrer as contended on the grounds that such allegations are irrelevant, immaterial to the issues in the case, prejudicial to the defendants, and that they together with other allegations do not set forth any cause of action against the defendants. It is alleged that the petitioners are tenants in common with their mother and the defendants. "Every tenant in common shall have the right to possess the joint property, and as long as he occupies no greater portion of it than his own share would be on division, . . he shall not be liable to account for rent to his cotenant; but if he receives any rent or other profit, . . or if he by any means deprives his cotenant of the use of his fair proportion of the property, or if he appropriates all to his exclusive use, . . he shall be liable to account to his cotenant." Code, § 85-1003.

Trusts are implied "1. Whenever the legal title is in one

person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." Code, § 108-106. "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (2) (168 S. E. 262); *Murray County* v. *Pickering,* 196 *Ga.* 208 (2) (26 S. E. 2d, 287). A constructive trust is "not created by any words either expressly or impliedly evincing a direct intention to create a trust, but by the construction of equity in order to satisfy the demands of justice." 65 C. J. 223, § 14. However, "If, from all the facts and circumstances, an implied trust is otherwise established, it is not destroyed by an express verbal agreement which may have constituted a part of the transaction." *Hudson* v. *Evans,* 198 *Ga.* 775 (2b) (32 S. E. 2d, 793).

The allegations of the petition were sufficient to allege the creation of a constructive trust. Accordingly, the petition as amended was not subject to demurrer on the ground that the averments were insufficient to set forth any right of action either in law or in equity. *Swift* v. *Nevius,* 138 *Ga.* 229 (2) (75 S. E. 8); *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Parlin* v. *McClure,* 169 *Ga.* 576 (150 S. E. 835); *Romano* v. *Finley,* 172 *Ga.* 366 (2) (157 S. E. 669); *Hemphill* v. *Hemphill,* 176 *Ga.* 585 (168 S. E. 878).

■ As to the statute of limitations applicable to this petition— the allegations show that the oral agreement to work the peach orchard, and from the proceeds thereof to pay the debt of the deceased father, was entered into between the mother and children in September, 1922; that the agreement was fully performed by the fall of 1930; that the mother and some of the children remained in possession and continued to work the orchard until the oldest child died suddenly with heart attack in November, 1943; that no accounting was asked up to this time because all of the petitioners had the utmost confidence in the oldest child and realized that the operation of a peach orchard was a hazardous business; and that the first assertion or claim of the defendant, Mrs. R. A. Harris, that she was not holding the property as trustee of the petitioners, and that she was holding it as her own, was after the

death of the oldest child, to wit, in November, 1943. The petition was filed in October, 1944.

The Code, § 3-709, declares: "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." In *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (supra), this court held "that this law applies to constructive trusts." In *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717, 731 (156 S. E. 603), it was held: "As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner, it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice to the owner that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice. Until the owner has such notice, he has the right to treat the possession of the other person as his own." *Murray County* v. *Pickering,* 196 *Ga.* 208, 217 (supra). It has also been held that there is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case has to be determined according to its own particular circumstances. *Miller* v. *Everett,* 192 *Ga.* 26, 34 (14 S. E. 2d, 449); *Hughes* v. *Cobb,* 195 *Ga.* 213 (3) (23 S. E. 2d, 701). Applying the above principles, the petition as amended was not subject to demurrer on the grounds that the allegations show that the claims asserted by the petitioners were barred by (1) the statute of limitations, or (2) laches. See also *Manning* v. *Manning,* 135 *Ga.* 597 (69 S. E. 1126); *Wallace* v. *Mize,* 153 *Ga.* 374 (112 S. E. 724); *Parlin* v. *McClure,* 169 *Ga.* 576 (supra).

■ While insolvency of the defendants is not alleged, such an averment is not necessary to obtain injunctive relief where the petitioners allege that they are without an adequate remedy at law and that an injunction is necessary to avoid a multiplicity of suits. Code, § 37-1501; *Mayer* v. *Coley,* 80 *Ga.* 207 (7 S. E. 164); *Burns* v. *Hale,* 162 *Ga.* 336 (3) (133 S. E. 857); *Pullen* v. *General American Credits Inc.,* 186 *Ga.* 642 (198 S. E. 747); *Groover* v. *Brandon,* 200 *Ga.* 153 (36 S. E. 2d, 84).

■ There was no demurrer which sought to strike the prayer for a receiver, and it does not appear from the record that the trial judge ruled on the question whether the petitioners were entitled to this relief. Since no ground of demurrer sought to strike such prayer, and it does not appear that the trial judge ruled on this question, it is unnecessary to determine whether or not the petitioners were entitled to the appointment of a receiver.

*Judgments affirmed. All the Justices concur.*