SALTER *et al.*, executors, *et al. v.* SALTER.

No. 17809.   SUBMITTED MARCH 11, 1952—DECIDED APRIL 16, 1952.

*T. B. Higdon*, for plaintiffs in error.

*Walter A. Sims* and *Joseph S. Crespi*, contra.

WYATT, Justice. ■ The plaintiffs in error first contend that their demurrer should have been sustained because there was a misjoinder of causes of action. It is contended that the joining of allegations and prayers seeking to have a purported spendthrift trust declared null and void, and allegations seeking an accounting and seeking an injunction prohibiting the disposal of the estate pending this action, in a single count, is multifarious and duplicitous. The instant petition is not subject to either of these criticisms. Multifariousness has been defined to be "The improperly joining in one bill distinct and independent matters, and thereby confounding them—as for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." *Nail* v. *Mobley*, 9 *Ga.* 278. "Duplicity in pleading on the part of a plaintiff consists, not in asserting a right to and praying for relief inappropriate to the cause of action set forth in his petition, but in making therein equivocal statements with a view to getting the benefit of two or more inconsistent theories as to his right to recover, or in basing his complaint upon different versions with respect to the facts which gave rise thereto." *Harris* v. *Rowe*, 200 *Ga.* 265 (36 S. E. 2d, 787). See also cases there cited.

The grounds of complaint set forth in the petition in the instant case are not independent or unconnected, nor are they equivocal statements seeking the benefit of inconsistent theories, or different versions of the facts. "The several grounds of complaint were connected with the same estate and with the conduct of the defendant as executor thereof. These facts supplied such a common connection between the several causes of action as to render it proper for a court of equity to determine all of them in one suit." *Carithers* v. *Flanigan*, 190 *Ga.* 244 (9 S. E. 2d, 57). See also cases there cited.

In the instant case, the petitioner is seeking to annul a spendthrift trust, and seeks also to have an accounting to determine

94

what is due him, and other incidental relief. These matters all concern the same estate and the same persons as executors and trustees. This is clearly not a misjoinder of causes of action, and it was not error to overrule this ground of the demurrer. See *Powell* v. *McKinney*, 151 *Ga.* 803, 811 (108 S. E. 231); *Sams* v. *Sams*, 150 *Ga.* 245 (103 S. E. 593); Code, § 37-105.

■ The general demurrer and special demurrers to paragraphs 11, 12, 13, 24, and Section D of the prayers raise two questions. The first is whether or not this is a suit to reform a will. The plaintiffs in error insist that—since the petition alleges: "Even if he were of a spendthrift nature some 20 or 25 years ago, that he has long since recovered from any spending habit, even though he was at no time or place such a spendthrift as would require the creation of any trust"—this is not a case under Code § 108-114, because, under the allegations of the petition, there was never any valid spendthrift trust which the cestui que trust is now entitled to have terminated; but that this is an effort to reform the will of the deceased by eliminating from it the provision creating the trust.

There is no merit in this contention. If the allegations of the petition are subject to this construction, then, at the time the alleged trust was attempted to be created, it immediately became an executed trust. Code, § 108-111. The defendant in error then became entitled to the equitable interest in the trust as well as the legal title. § 108-112. Likewise, under Code § 108-114 which provides: "If at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust," the cestui que trust becomes entitled to the equitable interest as well as the legal title. A suit to declare such a trust void is not and can not be construed as a suit to reform a will. It is simply a proceeding to have declared void that which the law has already declared to be void. If a testator attempts to do by will what the law declares he can not do, the law itself reforms the will in accordance with the terms of the law. In the case of a spendthrift trust, whether executed at the time of its creation, or whether since executed by reason of the reform of the beneficiary, the law declares that the beneficiary is entitled to the equitable and legal interest in the estate, and he may maintain an action to

have his rights so declared. See *Munford* v. *Peeples,* 152 *Ga.* 31 (108 S. E. 454); *DeVaughn* v. *Hays,* 140 *Ga.* 208 (78 S. E. 844).

The plaintiffs in error next contend that the general demurrer should have been sustained for the reason the petition shows on its face that the claims made therein are barred by the statute of limitations and by laches. Code § 3-709 provides: "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within ten years after the right of action shall have accrued." The plaintiffs in error contend that the right of action for an accounting accrued at the expiration of one year after the qualification of the executor, and that the right of action to have the spendthrift trust annulled accrued when the grounds for the trust ceased to exist. We can not agree with either of these contentions.

"As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice, to the owner that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice. Until the owner has such notice he has the right to treat the possession of the other person as his own." *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113). See also *Keaton* v. *Greenwood,* 8 *Ga.* 97; *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603); *Harris* v. *Rowe,* 200 *Ga.* 265 (36 S. E. 2d, 787); *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d, 860); *Manry* v. *Manry,* 196 *Ga.* 365 (26 S. E. 2d, 706); *Murray County* v. *Pickering,* 196 *Ga.* 208 (26 S. E. 2d, 287); *Reynolds* v. *Dorsey,* 188 *Ga.* 218 (3 S. E. 2d, 564); Code, § 3-713.

There are no allegations in the petition in the instant case to the effect that the executors are holding adversely to the defendant in error, nor that they have refused to recognize the trust as subsisting, nor that any demand and refusal was made of and by them at any time more than ten years from the time this suit was filed.

The fact that there are allegations to the effect that the grounds of the trust ceased to exist more than 20 years ago does not require a finding that this is not a subsisting trust. In *Payne* v. *Bowdrie,* 110 *Ga.* 549 (36 S. E. 89), a trust was held to be annulled by the trial court. This court said, in considering the question of the statute of limitations: "While, under such a decree, it is incumbent on the trustee to settle at once with the cestui que trust, until he does so and takes an acquittance from the latter his relation to the cestui que trust continues to be that of trustee, and the statute of limitations applicable in such a case is that which the law provides as to suits against trustees, to wit, the limitation of ten years." "The statute will not begin to run so long as the trust or duty with regard to specific property continues, is acknowledged to be subsisting, and there is no change of status to show an adverse holding of such property." *Reynolds* v. *Dorsey,* 188 *Ga.* 218 (3 S. E. 2d, 564). See also *Manry* v. *Manry,* supra.

Nothing is alleged in the petition in the instant case that would indicate that the trust here involved was not acknowledged to be subsisting or that there was any change of status to show an adverse holding by the executors that would bring this case within the statute of limitations.

Nor does the petition show on its face that it is barred by laches. "There is no absolute rule as to what constitutes laches or staleness of demand and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. . . Laches is not like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Manry* v. *Manry,* supra. See also *Grant* v. *Hart,* supra; *Harris* v. *Rowe,* supra.

Nothing appears on the face of the petition in the instant case indicating any reason why it would be inequitable to enforce the demands made therein, nor why proof has been rendered difficult by delay, nor any other reason why the doctrine of laches should be applied to bar the present action. It was, therefore, not error to overrule the demurrer on this ground.

We have not overlooked the ruling in *Rowland* v. *Rowland,*

204 *Ga.* 603 (50 S. E. 2d, 343), but the facts there stand on a different basis from those in the instant case. See *Thornton* v. *Jackson,* 129 *Ga.* 700 (59 S. E. 905).

■ The plaintiffs in error next contend that they were not required by the will to render an account or inventory to the court of ordinary; that the defendant in error has an adequate remedy at law; and that there were no grounds for the intervention of equity. While it is true that the will relieved the executor from making an inventory or accounting to the court of ordinary, this does' not mean that the executor is unaccountable in any court at the insistence of a legatee or someone interested in the estate. See *Chapalas* v. *Papachristos,* 185 *Ga.* 544 (195 S. E. 737); *McCord* v. *Walton,* 192 *Ga.* 279 (14 S. E. 2d, 723).

There is no merit in the contention that the demurrers should have been sustained because the defendant in error had an adequate remedy at law, and because there were no grounds for the intervention of equity in the administration of this estate. The instant proceeding is an action to have a spendthrift trust declared null and void. "Trusts of every kind, not generally cognizable at law, are peculiar subjects of equity jurisdiction." *Clark* v. *Clark,* 167 *Ga.* 1, 18 (144 S. E. 787). See also *Fine* v. *Saul,* 183 *Ga.* 309 (188 S. E. 439); *Grant* v. *Hart,* supra; *Hardware Mutual Casualty Co.* v. *Dooley,* 193 *Ga.* 882 (20 S. E. 2d, 420). It is therefore apparent that equity has jurisdiction of this suit to annul a spendthrift trust. Thus, having obtained jurisdiction of the cause, equity will give full relief, including an accounting. *McCord* v. *Walton,* supra; *Grant* v. *Hart,* supra; *Teasley* v. *Bradley,* supra; *Eagan* v. *Conway,* 115 *Ga.* 130 (41 S. E. 493); Code, §§ 37-105, 37-1007, 108-117. The judgment of the court below overruling the general demurrer on this ground and special demurrers to paragraphs 9, 10, 18, 19, and 25 of the petition was therefore not error.

■ It is next contended that special demurrers to paragraphs 21 and 22 should have been sustained because the allegations contained in those paragraphs were conclusions of law and without facts to support them. We deem it sufficient to say there is no merit in this contention.

■ It is next contended that it was error to overrule the special demurrer to paragraph 23 of the petition. The grounds of this

■

98

demurrer were that there were no grounds for an injunction and that the petition contained no specific prayer for this relief. The allegations referred to are to the effect that the defendants should be prohibited from paying out any more of the funds of the estate or from changing the status of the estate until such time as they have made a proper accounting to your petitioner. These allegations refer to relief incidental to the main relief sought, which is to have the spendthrift trust annulled and to have an accounting. The allegations of the petition are sufficient to authorize such relief, and such relief may be granted under the prayer for general relief whenever a petitioner in a court of equity appears entitled thereto.

Since the record does not disclose that there was any motion to strike the plea in bar, or that there was any demurrer to the plea in bar, the ruling of the court below overruling such plea in passing on the demurrers of the defendants in the court below was not authorized; and it is directed that this portion of the judgment be vacated.

*Judgment affirmed with direction. All the Justices concur.*