## 45163. AMERICAN FOOD SERVICES, INC. v. GOLDSMITH.

ARGUED APRIL 7, 1970—DECIDED APRIL 21, 1970.

*Poole, Pearce & Cooper, Walter G. Cooper,* for appellant.

*Birnbrey, Kresses & Gold, Ronald N. Winston,* for appellee.

JORDAN, Presiding Judge. It is clear from the pleadings and evidence that no dispute exists in regard to the execution of the note, a balance due of $2,500 thereunder, and further, that the defendant owes the plaintiff the rent due under the franchise agreement, plus the amount of the utility bills, unless the evidence authorizes a finding for the defendant based on his claim of fraud in the inducement and fraud and deceit.

Fraud renders a contract voidable at the election of the injured party. *Code* § 20-502. The defendant may attack a contract in a court of law on the ground that it was procured by fraud. *Hardware Mut. Cas. Co. v. Dooley,* 193 Ga. 882 (4) (20 SE2d 420). "In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made, which were known to be false and which were made with the intention to deceive. It must also be shown

that the defendant exercised due care to discover the fraud and that he relied upon the false representations to his injury." *Dr. Pepper Finance Corp. v. Cooper,* 215 Ga. 598, 601 (112 SE2d 585). "It is well settled that fraud cannot form the basis of an action or a defense thereto, in the absence of any trust or confidential relationship, if it appears that the person relying on the fraud as a basis for the action or in defense thereto had equal and ample opportunity to prevent the happening of the occurrence, and made it possible through a failure to exercise proper diligence." *Millender v. Looper,* 82 Ga. App. 563, 569 (61 SE2d 573). Also, see *Martin v. North Ga. Lumber Co.,* 72 Ga. App. 778, 781 (35 SE2d 270). A defendant seeking damages by way of a counterclaim in the nature of a tort claim for fraud and deceit must show (1) that the plaintiff (or someone acting for the plaintiff) made the representations; (2) that at the time they were known to be false (or what the law regards as the equivalent of knowledge); (3) the representations were for the intention and purpose of deceiving the defendant; (4) that the defendant relied on the representations; and (5) that the defendant sustained a loss or damage as the proximate result of the representations. See *Gem City Motors v. Minton,* 109 Ga. App. 842 (137 SE2d 522).

Representations under the general head of "dealer's talk" are regarded as mere commendations, "puffing," or expressions of opinion, and do not, though untrue, constitute false representations which will avoid a contract. *Williams v. Fouche,* 164 Ga. 311 (5) (138 SE 580). The representations to support a claim must relate to an existing fact and not a future event, unless it be an event which the party making the representation knows will never occur. Mere broken promises, unfulfilled predictions, and erroneous conjectures do not meet this test. See *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72 (174 SE 207); *Cosby v. Asher,* 74 Ga. App. 884 (41 SE2d 793); *Hill v. Stewart,* 93 Ga. App. 792 (92 SE2d 829).

Applying the foregoing principles to the evidence adduced in the present case we do not regard the evidence as sufficient to support a judgment in favor of the defendant based on actionable fraud, or fraud and deceit, in wilfully making material

misrepresentations which induced the defendant, acting with proper care and having full opportunity to determine the facts, to purchase the franchise or to recoup any losses in operating the business. It is obvious that the defendant dealt with the president of the corporation at arm's length and executed the agreement and the note without making any effort whatsoever to examine any records of past operations to determine whether the business had been profitable in the past, or to inspect the location or determine the conditions of the premises, and that he was in no way prevented from ascertaining the true facts. According to the defendant's own testimony, although the president of the corporation did represent that the business "had done very well in the past" and "had made money in the past," it is also clear from his testimony that these representations were made in respect to "puffing" about the situation, to bolster his expressed opinion to the defendant that it was the best of six locations, a "tremendous business opportunity" one at which the defendant "would make between thirty and forty thousand dollars profit above operating expenses." While there is evidence disclosing that the representations of the president present a distorted picture of the previous over-all success of the business, and the president himself admitted that over-all there was no profit, his testimony is uncontradicted to the effect that the business was profitable while he was personally in charge of it.

The so-called special grounds of the motion, to the effect that the evidence further shows an election by the defendant to waive any fraud, and that he ratified and confirmed his agreement and the note by running a series of newspaper advertisements offering to sell the business, are in effect merely an extension of the general grounds to cover a particular phase of the sufficiency of the evidence. This evidence is not, as a matter of law, conclusive to defeat the claim of the defendant so as to demand a finding for the plaintiff. We reverse solely on the insufficiency of the evidence to support the defendant's claim of fraud in the inducement, and fraud and deceit, by the plaintiff, through its president. In the posture of the present appeal whether the evidence of waiver or ratification would au-

thorize, but not demand, a finding for the plaintiff, is not in issue.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*